UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-131-KDB
(3:20-cr-53-KDB-DCK-1)

| | |
|---|---|
| NATHANIEL JEROME STEELE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 5].

### I.   BACKGROUND

Petitioner was charged with: possession with intent to distribute cocaine (Count One), cocaine base (Count Two), fentanyl (Count Three), and methamphetamine (Count Four), all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession of one or more firearms in furtherance of a drug trafficking crime, i.e. Counts One through Four, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Five); and possession of one or more firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Six). [3:20-cr-53 ("CR") Doc. 1]. The United States filed a Notice of Information pursuant to 21 U.S.C. § 851 stating that, before he committed the offenses charged in Counts One, Two, Three, and Four, Petitioner had a final conviction for a felony drug offense such that he is subject to an increased punishment pursuant to 21 U.S.C. § 841(b)(1)(C). [CR Doc. 4].

Petitioner pleaded guilty to Counts One, Two, Three, Four, and Six in exchange for the Government's dismissal of Count Five and its withdrawal of the § 851 Information at the time of sentencing. [CR Doc. 18 at ¶¶ 2, 3]. He admitted his guilt of the relevant charges. [Id. at ¶ 2]. The

1

Plea Agreement sets forth Petitioner's sentencing exposure of a maximum of 20 years' imprisonment for Counts One, Two, Three, and Four, which would rise to a maximum of 30 years' imprisonment pursuant to the § 851 Information; and 10 years' imprisonment for Count Six. [Id. at ¶ 6]. The parties agreed to recommend the following findings and conclusions as to the U.S. Sentencing Guidelines: the converted drug weight was known to or reasonably foreseeable by Petitioner at least 10 kilograms and less than 20 kilograms (4.70 grams of cocaine, .45 grams of methamphetamine, .96 grams of fentanyl, and 4.08 grams of crack cocaine); a two-level enhancement applies because Petitioner possessed a dangerous weapon including a firearm pursuant to § 2D1.1(b)(1); a two-level enhancement applies because Petitioner maintained a premises for the purpose of manufacturing or distributing a controlled substance pursuant to § 2D1.1(b)(12); the offense involved a semiautomatic firearm that is capable of accepting a large-capacity magazine for purposes of § 2K2.1; a four-level enhancement applies because Petitioner used or possessed the firearms in connection with another felony offense pursuant to § 2K2.1(b)(6)(B); an upward variance to 120 months' imprisonment is sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a); and three levels should be deducted for acceptance of responsibility, if applicable. [Id. at ¶ 9].

The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea, that he read and understood the written Factual Basis that was filed with the Plea Agreement, and that the Court may use the offense conduct set out in the Presentence Report ("PSR") without objection by Petitioner for any purpose. [Id. at ¶ 12]. The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself. [Id. at ¶ 16]. The Plea Agreement specifically provides that

Petitioner was waiving the rights to contest his conviction and/or sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶¶ 17-18]. The Plea Agreement provides that there are no agreements, representations, or understandings between the parties, other than those explicitly set forth in the Plea Agreement, or as noticed to the Court during the plea colloquy and contained in a separate document signed by all parties. [Id. at ¶ 24].

The Factual Basis provides in relevant part:

> On June 14, 2019, in Mecklenburg County …, Nathaniel Jerome STEELE knowingly and intentionally possessed with intent to distribute a detectable amount of cocaine, a Schedule II controlled substance.
>
> On June 14, 2019, in Mecklenburg County …, Nathaniel Jerome STEELE knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, more commonly known as 'crack cocaine,' a Schedule II controlled substance.
>
> On June 14, 2019, in Mecklenburg County …, Nathaniel Jerome STEELE knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of … fentanyl, a Schedule II controlled substance.
>
> On June 14, 2019, in Mecklenburg County …, Nathaniel Jerome STEELE knowingly and intentionally possessed with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> On June 14, 2019, in Mecklenburg County …, Nathaniel Jerome STEELE knowingly and intentionally possessed with intent to distribute a detectable amount of cocaine, a Schedule II controlled substance
>
> On June 14, 2019, in Mecklenburg County …, STEELE knowing that he had previously been convicted of at least one crime punishable by imprisonment of a term exceeding one year, did knowingly possess one or more firearms, that is, a Hi-Point, Model C99, 9mm semi-automatic pistol. The firearm that was seized from STEELE on June 14, 2019 was manufactured outside the state of North Carolina.
>
> STEELE was a convicted felon at the time of the offenses for a felony where

> STEELE's sentence was more than a year and a day and STEELE knew that he had been convicted of a crime punishable by imprisonment for more than a year and a day. STEELE had not been pardoned by any jurisdiction where the conviction occurred. STEELE was a prohibited person at the time of the offense to possess firearms.

[CR Doc. 19 at 1-2] (paragraph numbers omitted).

A United States Magistrate Judge conducted a plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See [CR Doc. 20] (Acceptance). Petitioner stated, under oath, that: he received a copy of the Indictment and discussed it with his attorney; he fully understood the charges including the minimum and maximum penalties he faced if convicted; he discussed with his attorney how the U.S. Sentencing Guidelines may apply to his case; that the Court would not be able to determine the applicable guideline range until a Presentence Report ("PSR") had been prepared and Petitioner had the opportunity to comment on it; he may receive a sentence that is different than that called for by the guidelines; and he would still be bound by the plea even if the sentence is more severe than expected or if the Court does not accept the Government's sentencing recommendation. [Id. at 1-2]. Petitioner stated that he understood the rights he was waiving by pleading guilty and that he was pleading guilty because he is guilty of the relevant charges. [Id. at 2-3]. Petitioner further stated that he read the Plea Agreement, understood it, and agreed to it including the appellate and post-conviction waivers. [Id. at 3]. He also stated that read the Factual Basis, understood it, and agreed with it. [Id.]. Petitioner stated that nobody threated, intimidated, or forced him to plead guilty, and that nobody has made any promises of leniency or a light sentence other than the terms of his Plea Agreement, to induce him to plead guilty. [Id.]. Petitioner stated that he had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. [Id.].

The PSR calculated the base offense level for Counts One through Four as 14 pursuant to

4

§ 2D1.1(a)(5) because Petitioner was responsible for a converted drug weight of 18.81 kilograms. [CR Doc. 28 at ¶ 38]. Two-level enhancements were added because Petitioner possessed a dangerous weapon pursuant to § 2D1.1(b)(1), and because Petitioner maintained a premises for the purpose of manufacturing or distributing a controlled substance pursuant to § 2D1.1(b)(12). [Id. at ¶¶ 39, 40]. The PSR calculated the base offense level for Count Six as 22 because the offense involved a semi-automatic firearm capable of accepting a large capacity magazine, and because Petitioner committed any part of the offense subsequent to sustaining a felony conviction for a crime of violence or a controlled substance offense pursuant to § 2K2.1(a)(3). [Id. at ¶ 45]. Four levels were added because Petitioner used or possessed any firearm or ammunition in connection with another felony offense, or possessed or transported any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with any other felony offense pursuant to § 2K2.1(b)(6)(B). [Id. at ¶ 46]. No cross-reference was applied because the offense level for Counts One through Four was less than the offense level for Count Six. [Id. at ¶ 47]. The adjusted total offense level was, therefore, 26. [Id. at ¶¶ 51-52]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. [Id. at ¶¶ 54-56]. Petitioner had five criminal history points and a criminal history category of III. [Id. at ¶¶ 68-69]. The resulting advisory guideline range was 57 to 71 months' imprisonment. [Id. at ¶ 112]. However, the PSR notes the "significant[] impact[]" of the Plea Agreement on Petitioner's imprisonment exposure as follows:

> Per the Plea Agreement, the Government will withdraw the previously filed Information pursuant to Title 21, United States Code, Section 851 (Document 4) at the time of sentencing. The removal of the 851 as it relates to Counts 1, 2, 3, and 4, will result in a maximum term of imprisonment of 20 years rather than 30 years. The terms of supervised release as it relates to Counts 1, 2, 3, and 4 will be at least 3 years rather than 6. The fine for these counts will be $1,000,000 rather than $2,000,000.

> The parties also agree, having fully considered the factors set forth in 18 U.S.C. § 3553(a) and other reasons for a variance, to jointly recommend an upward variance to a sentence of 120 months imprisonment. Both parties agree that a sentence of 120 months of imprisonment is sufficient but not greater than necessary.
>
> Had the defendant pled guilty to all counts, he would have been subject to an additional consecutive sentence for violation of 18 U.S.C. 924(c)(1)(A) (*Count 5*), of not less than 25 years imprisonment.

[Id. at ¶¶ 113-16] (paragraph numbers omitted).

At the sentencing hearing, the United States withdrew the § 851 Information and moved to dismiss Count Five. See [CR Doc. 31] (Statement of Reasons). The Court varied upward to 120 months' imprisonment for each count, concurrent, based on Petitioner's criminal history and conduct in the instant offense, in accordance with the parties' joint recommendation. [Id.]. The Judgment was entered on January 22, 2021. [CR Doc. 30]. Petitioner did not appeal.

On January 28, 2022,[1] Petitioner filed a Motion in which he sought an extension of time to file a § 2255 Motion to Vacate. [CR Doc. 32]. A magistrate judge granted the Motion until April 1, 2022. [CR Doc. 33]. Petitioner filed a second Motion seeking an extension of time that was post-marked March 4, 2022.[2] The Court denied the second Motion for lack of jurisdiction on March 14, 2022. [CR Doc. 35].

Petitioner filed a § 2255 Motion to Vacate in the instant case on March 22, 2022,[3] which suffered from a number of deficiencies. [Doc. 1]. On May 25, 2022, the Court entered an Order requiring Petitioner to file a sufficient superseding Motion to Vacate within 30 days. [Doc. 2]. The Court cautioned Petitioner that "it appears that Petitioner's § 2255 Motion to Vacate is subject to

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

[2] Petitioner did not certify the date upon which he provided the second Motion to prison officials for mailing.

[3] See Houston, 487 U.S. at 276; Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

6

dismissal with prejudice as time-barred because it was filed more than one year after his conviction and sentence became final." [Id. at 2].

Petitioner filed the instant Amended Motion to Vacate on July 11, 2022. [Doc. 5]. He raises a single claim of ineffective assistance of counsel *verbatim*: "The defendant states that counsel was ineffective in getting the best plea by the Sentencing guidelines. The defendant states that the counsel was ineffective in negotiating plea with the United States because counsel wasn't very helpful in litigating plea for defendant." [Id. at 4]. With regards to the statute of limitations, he argues *verbatim*: "The defendant had been addement about contacting attorney a facility where he was place previously. Staff was negligent in helping defendant make contact with counsel which violated his rights. The defendant was also placed in Special Housing Unit, without incident from December 13, 2021 until late March 2022, with not legal minds and no attorney visitor contact." [Id. at 11]. Petitioner seeks resentencing within the 51- to 76-months advisory guideline range that would have applied without "all the enhancements" that raised his sentence to 120 months. [Id. at 12].

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds

7

that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). No response from the Government is required.

### III. DISCUSSION[4]

**(A) Statute of Limitations**

As a preliminary matter, this action is subject to dismissal with prejudice as time-barred.

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary

---

[4] The Amended Motion to Vacate has been liberally construed, restated and renumbered. Any argument or subclaim which is not specifically addressed in this Order has been considered and rejected.

circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

Petitioner's Judgment became final on February 5, 2021 when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1), (b)(6); United States v. Osborne, 452 F. App'x 294, 295-96 (4th Cir. 2011). Petitioner therefore had until February 5, 2022 to file a timely § 2255 Motion to Vacate. The Motion to Vacate was filed 45 days late on March 22, 2022.

Petitioner has failed to carry his burden of demonstrating that equitable tolling applies. Petitioner vaguely refers to some difficulties in communicating with his attorney, and he alludes to time that he spent in SHU. Petitioner fails to adequately explain why these conditions prevented him from timely filing the Motion to Vacate despite his exercise of due diligence. Accordingly, this action is subject to dismissal with prejudice as time-barred.

However, the Court notes that conflicting Orders were entered in this case with respect to whether an extension of time to file a Motion to Vacate was available. [CR Doc. 33; CR Doc. 35, n.3]. The Court will, therefore, address the Motion to Vacate on the merits in the alternative.

**(B)** **Merits**

Petitioner contends that counsel was ineffective for failing to "get[] the best plea by the Sentencing Guidelines" and for failing to be "very helpful" during plea negotiations. [Doc. 5 at 4].

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington,
9

466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007). Put differently, a defendant "must convince the court that a decision would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (same).

The record reveals that Petitioner's guilty plea was knowingly and voluntarily entered with full knowledge of all its consequences in a thorough Rule 11 colloquy. Petitioner stated that he understood the charges, his sentencing exposure, and the consequences of his plea including the waiver of his appellate and post-conviction rights. He also stated that he fully understood the Plea Agreement, which provided that the United States would withdraw the § 851 Information and

dismiss Count Five at sentencing, and that the parties would jointly recommend an upward variance sentence of 120 months' imprisonment pursuant to § 3553. Petitioner stated that he was pleading guilty because he is, in fact, guilty of Counts One, Two, Three, Four, and Six, that he had fully discussed any possible defenses with counsel, and that he was satisfied with counsel's services. Any suggestion that the Petitioner did not understand or agree to the 120-month upward variance sentence is belied by the record, and is rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 215, 221 (4th Cir. 2005) ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'").

Petitioner's complaints that counsel failed to obtain the best possible plea, and that counsel was not very helpful during plea negotiations, are too vague and conclusory to demonstrate ineffective assistance of counsel. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Further, Petitioner's contention that different advocacy by counsel would have resulted in a more favorable plea offer is purely speculative. He has not come forward with any evidence that a more favorable plea offer was forthcoming from the Government, or would have been accepted by the Court. See Frye, 566 U.S. at 147.

Moreover, Petitioner has failed to establish prejudice because he has not demonstrated a reasonable probability that he would not have pleaded guilty had counsel performed effectively. Petitioner does not seek to withdraw his guilty plea so that he may proceed to a trial; he merely

11

requests resentencing. [Doc. 5 at 12]; see Hill, 474 U.S. at 59. Nor would it have been rational for Petitioner to proceed to trial in light of the strong evidence of his guilt as set forth in the Factual Basis, and the great benefit he obtained by pleading guilty, *i.e.*, the Government's withdrawal of the § 851 Information which reduced Petitioner's sentencing exposure for the drug counts from 30 years to 20 years, and the dismissal of Count Five which carried a 25-year consecutive sentence.

Petitioner has failed to demonstrate either that counsel performed deficiently or that he was prejudiced and, accordingly, the Motion to Vacate is denied on the merits.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice as time-barred and, alternatively, denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 5] is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: July 19, 2022

*[signature]*

Kenneth D. Bell
United States District Judge

13