# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:20-CR-00053-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **NATHANIEL JEROME STEELE,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Nathaniel Jerome Steele's motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and Amendment 821. (Doc. No. 38). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In October 2020, Defendant pled guilty to knowingly and intentionally possessing with intent to distribute cocaine; to knowingly and intentionally possessing with intent to distribute cocaine base; to knowingly and intentionally possessing with intent to distribute fentanyl; to knowingly and intentionally possessing with intent to distribute methamphetamine; and possession of a firearm and/or ammunition by a convicted felon. (Doc. No. 18). On January 21, 2021, he was sentenced to 120 months imprisonment on each count to run concurrent with each other plus 6 years of supervised release on counts 1-4 and 3 years of supervised

release on count 6 such terms of supervised release to run concurrent with each other. (Doc. No. 30).

Defendant is a 48-year-old male serving his prison sentence at FCI Milan in Michigan. His current projected release date is October 23, 2027. Defendant bases his motion on a change in the law under Amendment 821, that he was sentenced under § 851, and the family circumstances regarding his children.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

...
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted). "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long

sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). Relevant to Mr. Steele's case, § 1B1.13(c) now states that "a change in the law … shall not be considered for purpose of determining whether an extraordinary and compelling reason exists under this policy statement."

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Defendant contends that the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 would affect his sentence. (Doc. No. 38 at 1). The amendments to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category as Defendant did not have any "status points" as his offense was not committed while he was under a criminal sentence and he was not a zero point offender as Defendant has 5 criminal history points. (Doc. No. 28, ¶¶ 68-69).

Defendant also claims that he was sentenced under §851 and this should be considered an extraordinary and compelling reason for a sentence reduction. (Doc.

No. 38 at 1). At sentencing, the Government moved to withdraw the information under §851 which was granted by the Court and thus Defendant was not sentenced under §851. (Doc. No. 31 at 1). Thus, this is not an extraordinary and compelling reason for a sentence reduction.

Defendant also claims that he needs to be released in order to provide proper care for two of his children that are in the custody of Gaston County Department of Health and Human Services (GCDHHS). (Doc. No. 38 at 1). Earlier this year, Defendant was contacted by GCDHHS asking him to take a paternity test to see if he was the biological father to twin 13-year-olds. (Doc. No. 40 at 2). Defendant was notified by GCDHHS that he was indeed the father. *Id*. at 7. Defendant has never been married and in addition to the twins that he just learned were his, he also has five other children with three other women all of whom live in Charlotte, North Carolina. (Doc. No. 28, ¶ 93). The Court has fully reviewed Doc. No. 40 and is well aware of the facts concerning the unfortunate situation in which these twins find themselves. Fortunately, Defendant reports having a close relationship with a brother who lives in Atlanta, Georgia, and a sister that lives in Charlotte. Either one could potentially look after these twins and provide a stable environment until Defendant is released in four years. The Court does not find this newly found familial situation to be an extraordinary and compelling reason to reduce Defendant's sentence.

Finally, Section 3553(a) factors weigh against a reduction in sentence. The United States Probation Office has informed the Court that while incarcerated

Defendant took numerous classes and participated in work programs and incurred a disciplinary infraction within the last year by possessing a hazardous tool. Although commendable, his efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant's offense conduct was serious, presenting a danger to the public by involving drugs and guns. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 38), is **DENIED.**

**SO ORDERED.**

Signed: November 28, 2023

Kenneth D. Bell
United States District Judge